ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903        E-filing
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual
6

7



8                  **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**
                        CV  09        3448
10

11  CRAIG YATES, an individual,        )  **CASE NO.**
                                       )  **Civil Rights**        **BZ**
12        Plaintiff,                   )
                                       )  **COMPLAINT FOR INJUNCTIVE RELIEF**
13  v.                                 )  **AND DAMAGES:**
                                       )
14  SUPERIOR PALACE SEAFOOD; T.W.      )  **1st CAUSE OF ACTION:** For Denial of Access
    ENG CONSTRUCTION CO., INC., a      )  by a Public Accommodation in Violation of the
15  California corporation; LIAO ZI LI and )  Americans with Disabilities Act of 1990 (42
    CHEN LI QUN, individual's dba      )  U.S.C. §12101, *et seq.*)
16  SUPERIOR PALACE SEAFOOD,           )
                                       )  **2nd CAUSE OF ACTION:** For Denial of Full
17        Defendants.                  )  and Equal Access in Violation of California
                                       )  Civil Code §§54, 54.1 and 54.3
18  _____)
                                          **3rd CAUSE OF ACTION:** For Denial of
19                                        Accessible Sanitary Facilities in Violation of
                                          California Health & Safety Code §19955, *et seq.*
20
                                          **4th CAUSE OF ACTION:** For Denial of
21                                        Access to Full and Equal Accommodations,
                                          Advantages, Facilities, Privileges and/or
22                                        Services in Violation of California Civil Code
                                          §51, *et seq.* (The Unruh Civil Rights Act)
23

24

25                                        **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                          1

1    Plaintiff CRAIG YATES, an individual, complains of defendants T.W. ENG
2  CONSTRUCTION CO., INC., a California corporation; LIAO ZI LI and CHEN LI QUN,
3  individual's dba SUPERIOR PALACE SEAFOOD, and allege as follows:

4  **INTRODUCTION:**

5    1.    This is a civil rights action for discrimination against persons with physical
6  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,
7  for failure to remove architectural barriers structural in nature at defendants' SUPERIOR
8  PALACE SEAFOOD, a place of public accommodation, thereby discriminatorily denying
9  plaintiff and the class of other similarly situated persons with physical disabilities access to, the
10 full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,
11 services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to
12 the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code
13 §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14   2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
15 December 5, 2008, December 10, 2008, January 13, 2009, May 27, 2009 and June 27, 2009, was
16 an invitee, guest, patron, customer at defendants' SUPERIOR PALACE SEAFOOD, in the City
17 of San Francisco, California. At said time and place, defendants failed to provide proper legal
18 access to the restaurant, which is a "public accommodation" and/or a "public facility" including,
19 but not limited to the entrance, men's restroom and women's restroom. The denial of access was
20 in violation of both federal and California legal requirements, and plaintiff CRAIG YATES
21 suffered violation of his civil rights to full and equal access, and was embarrassed and
22 humiliated.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1  **JURISDICTION AND VENUE:**

2  3.  **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.
3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.
4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6  California law, whose goals are closely tied with the ADA, including but not limited to violations
7  of California Civil Code §51, *et seq*. and §54, *et seq.*, California Health & Safety Code §19955 *et*
8  *seq*., including §19959; Title 24 California Building Standards Code.

9  4.  **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10  founded on the facts that the real property which is the subject of this action is located at/near
11  3546 Balboa Street, in the City and County of San Francisco, State of California, and that
12  plaintiffs' causes of action arose in this county.

13  **PARTIES:**

14  5.  Plaintiff CRAIG YATES is a "physically handicapped person," a "physically
15  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16  disabled", "physically handicapped" and "person with physical disabilities" are used
17  interchangeably, as these words have similar or identical common usage and legal meaning, but
18  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21  CRAIG YATES is a "person with physical disabilities," as defined by all applicable California
22  and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24  portion of the public whose rights are protected by the provisions of Health & Safety Code
25  §19955, *et seq*. (entitled "Access to Public Accommodations by Physically Handicapped
26  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28  §12101, *et seq*.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1   6.   Defendants T.W. ENG CONSTRUCTION CO., INC.; LIAO ZI LI; and CHEN LI

2   QUN (hereinafter alternatively collectively referred to as "defendants") are the owners and

3   operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

4   accommodation known as SUPERIOR PALACE SEAFOOD, located at/near 3546 Balboa Street,

5   San Francisco, California, or of the building and/or buildings which constitute said public

6   accommodation.

7   7.   At all times relevant to this complaint, defendants T.W. ENG CONSTRUCTION

8   CO., INC.; LIAO ZI LI; and CHEN LI QUN, own and operate in joint venture the subject

9   SUPERIOR PALACE SEAFOOD as a public accommodation. This business is open to the

10   general public and conducts business therein. The business is a "public accommodation" or

11   "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,*

12   Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

13   8.   At all times relevant to this complaint, defendants T.W. ENG CONSTRUCTION

14   CO., INC.; LIAO ZI LI; and CHEN LI QUN are jointly and severally responsible to identify and

15   remove architectural barriers at the subject SUPERIOR PALACE SEAFOOD pursuant to Code

16   of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

17   **§ 36.201    General**

18   (b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public
19   accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
20   requirements of this part. As between the parties, allocation of
responsibility for complying with the obligations of this part may
21   be determined by lease or other contract.

22   28 CFR §36.201(b)

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1 | **PRELIMINARY FACTUAL ALLEGATIONS:**

2 | 9. The SUPERIOR PALACE SEAFOOD, is a restaurant, located at/near 3546
3 | Balboa Street, San Francisco, California. The SUPERIOR PALACE SEAFOOD, its entrance,
4 | men's restroom, women's restroom, and its other facilities are each a "place of public
5 | accommodation or facility" subject to the barrier removal requirements of the Americans with
6 | Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone
7 | "alterations, structural repairs and additions," each of which has subjected the SUPERIOR
8 | PALACE SEAFOOD and each of its facilities, its entrance, men's restroom and women's
9 | restroom to disability access requirements per the Americans with Disabilities Act Accessibility
10 | Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

11 | 10. At all times stated herein, defendants', and each of them, with the knowledge that
12 | each of them had a continuing obligation to identify and remove architectural barriers where it
13 | was readily achievable to do so, failed to adopt a transition plan to provide better and/or
14 | compliant access to the subject accommodation.

15 | 11. At all times referred to herein and continuing to the present time, defendants, and
16 | each of them, advertised, publicized and held out the SUPERIOR PALACE SEAFOOD as being
17 | handicapped accessible and handicapped usable.

18 | 12. On or about December 5, 2008, December 10, 2008, January 13, 2009, May 27,
19 | 2009 and June 27, 2009, plaintiff CRAIG YATES was an invitee and guest at the subject
20 | SUPERIOR PALACE SEAFOOD, for purposes of obtaining food and drink.

21 | 13. On or about December 5, 2008, December 10, 2008 and January 13, 2009,
22 | plaintiff CRAIG YATES encountered an entry door with excessive door pressure and a men's
23 | restroom which was not accessible.

24 | 14. On or about December 5, 2008, December 10, 2008, January 13, 2009, plaintiff
25 | CRAIG YATES had needed to use an accessible restroom. Plaintiff CRAIG YATES attempted
26 | to use the men's restroom. Plaintiff stressed and strained his right extremity while attempting to
27 | open the door to the men's restroom and to exit the men's restroom. The men's restroom was
28 | not accessible to plaintiff CRAIG YATES.

5

1    15.   On or about January 21, 2009, plaintiff CRAIG YATES wrote both the manager

2  of SUPERIOR PALACE SEAFOOD and the owner of the building concerning the lack of

3  accessible restrooms. Plaintiff CRAIG YATES provided sources from which the defendants'

4  could secure correct information on what was required to provide access.

5    16.   On or about January 24, 2009, Li Chen of SUPERIOR PALACE SEAFOOD

6  responded to plaintiff CRAIG YATES, January 21, 2009 letter. He stated in substance that he,

7  (Chen) was surprised that plaintiff CRAIG YATES came from across the bay to dine, and that

8  plaintiff would come back to a problematic restaurant before the remedial work was done.

9  Li Chen further inquired about the $10,000 tax credit. Li Chen concluded the letter indicating

10  that he and the landlord would address the restrooms.

11    17.   On or about January 29, 2009, Tommy Eng, the landlord, wrote plaintiff CRAIG

12  YATES a response. In substance, Tommy Eng stated that it was his intention to make the

13  existing restrooms accessible with the existing conditions. That they were taking appropriate

14  action in an expedited manner to make the restrooms more accessible.

15    18.   On or about February 3, 2009, plaintiff CRAIG YATES wrote Li Chen and the

16  owner back, and cc: Mr. Eng. In that letter, plaintiff CRAIG YATES stated in substance:

17    •    That he , (Yates) had lived in San Francisco close to many Chinese areas, shops

18        and Chinese markets. If his name was "Yow" not "Yates" maybe he, (Yates)

19        wouldn't be questioned and married and had a child with a Chinese woman.

20    •    That he did in fact wrote the landlord and the tenant. Plaintiff CRAIG YATES

21        enclosed IRS form 8826 and a tax incentive packet that Li Chen need not do a

22        remodel but move elements around to gain space. Plaintiff CRAIG YATES

23        concluded asking for a response. Plaintiff CRAIG YATES did not receive a

24        response.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    19.    On or about May 27, 2009, plaintiff CRAIG YATES returned to the SUPERIOR

2   PALACE SEAFOOD. Plaintiff CRAIG YATES ordered food to-go. Plaintiff CRAIG YATES

3   wheeled towards the men's restroom. The owner of the SUPERIOR PALACE SEAFOOD came

4   to assist plaintiff CRAIG YATES by moving a trash container out of plaintiff CRAIG YATES's

5   path and opened the men's restroom door. Plaintiff CRAIG YATES observed that work had

6   been done to the men's restroom but that the repair work provided for little access.

7       At said time and place, plaintiff CRAIG YATES upon leaving the subject restaurant,

8   asked the owner , what happened to the improvements. The reply was "we have grab bars."

9    20.    On or about June 27, 2009, plaintiff CRAIG YATES again patronized the

10   SUPERIOR PALACE SEAFOOD. Plaintiff CRAIG YATES encountered excessive door

11   pressure at the entry door and an inaccessible men's restroom.

12   21.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

13   disability, encountered the following inaccessible elements of the subject SUPERIOR PALACE

14   SEAFOOD which constituted architectural barriers and a denial of the proper and legally-

15   required access to a public accommodation to persons with physical disabilities including, but

16   not limited to:

17           a.    lack of a (ISA) symbol of access

18           b.    lack of an accessible entrance due to excessive door pressure;

19           c.    lack of a handicapped-accessible women's public restroom;

20           d.    lack of a handicapped-accessible men's public restroom; and

21           e.    On personal knowledge, information and belief, other public facilities and
                  elements too numerous to list were improperly inaccessible for use by
22                persons with physical disabilities.

23   22.    At all times stated herein, the existence of architectural barriers at defendants'

24   place of public accommodation evidenced "actual notice" of defendants' intent not to comply

25   with the Americans with Disabilities Act of 1990 either then, now or in the future.

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1    23. On or about January 21, 2009 and February 3, 2009, defendant(s) were sent four
2  (4) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural
3  barriers, requesting a response within 14 days and requesting remedial measures be undertaken
4  within 90 days or an explanation of why the time limit set could not be met and/or extenuating
5  circumstances. While defendants wrote plaintiff CRAIG YATES back letters stating in essence
6  that access would be provided, defendants did not follow through with their promise. Said letters
7  are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set
8  forth herein.

9    24. At all times stated herein, defendants, and each of them, did not act as reasonable
10  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
11  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
12  receiving the same goods and services as able bodied people and some of which may and did pose
13  a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of
14  defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
15  bodily injury.

16    25. As a legal result of defendants T.W. ENG CONSTRUCTION CO., INC.; LIAO ZI
17  LI; and CHEN LI QUN's failure to act as a reasonable and prudent public accommodation in
18  identifying, removing or creating architectural barriers, policies, practices and procedures that
19  denied access to plaintiffs and other persons with disabilities, plaintiff suffered the damages as
20  alleged herein.

21    26. As a further legal result of the actions and failure to act of defendants, and as a
22  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
23  herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
24  CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
25  disabilities to full and equal access to public facilities, and further suffered bodily injury on or
26  about December 5, 2008, December 10, 2008 and January 13, 2009, including, but not limited to,
27  fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to,
28  over, around and through architectural barriers.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1  Specifically, as a legal result of defendants negligence in the design, construction and
2  maintenance of the existing door pressure on the entry door to the restaurant and door to the men's
3  restroom, plaintiff suffered continuous, repetitive and cumulative trauma to his right extremity
4  while attempting to open and close said doors.

5      27.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
6  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
7  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
8  person with physical disabilities being denied access, all to his damages as prayed hereinafter in
9  an amount within the jurisdiction of this court. No claim is being made for mental and emotional
10 distress over and above that usually associated with the discrimination and physical injuries
11 claimed, and no expert testimony regarding this usual mental and emotional distress will be
12 presented at trial in support of the claim for damages.

13     28.    Defendants', and each of their, failure to remove the architectural barriers
14 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
15 accommodation, and continues to create continuous and repeated exposure to substantially the
16 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

17     29.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
18 by defendants T.W. ENG CONSTRUCTION CO., INC.; LIAO ZI LI; and CHEN LI QUN,
19 because defendants T.W. ENG CONSTRUCTION CO., INC.; LIAO ZI LI; and CHEN LI QUN
20 maintained a restaurant without access for persons with physical disabilities to its facilities,
21 including but not limited to the entrance, men's restroom, women's restroom, and other public
22 areas as stated herein, and continue to the date of filing this complaint to deny equal access to
23 plaintiff and other persons with physical disabilities in these and other ways.

24     30.    On information and belief, construction alterations carried out by defendants have
25 also triggered access requirements under both California law and the Americans with Disabilities
26 Act of 1990.

27 ///

28 ///

9

1    31. Plaintiff, as described hereinbelow, seeks injunctive relief to require the
2 SUPERIOR PALACE SEAFOOD to be made accessible to meet the requirements of both
3 California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so
4 long as defendants operate the subject restaurant as a public facility.

5    32. Plaintiff seeks damages for violation of their civil rights on December 5, 2008,
6 December 10, 2008, January 13, 2009, May 27, 2009 and June 27, 2009 and seeks statutory
7 damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to
8 Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the
9 date that some or all remedial work should have been completed under the standard that the
10 landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was
11 readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject
12 public accommodation because of his knowledge and/or belief that neither some or all
13 architectural barriers had been removed and that said premises remains inaccessible to persons
14 with disabilities whether a wheelchair user or otherwise.

15    33. On information and belief, defendants have been negligent in their affirmative duty
16 to identify the architectural barriers complained of herein and negligent in the removal of some or
17 all of said barriers.

18    34. Because of defendants' violations, plaintiff and other persons with physical
19 disabilities are unable to use public facilities such as those owned and operated by defendants on a
20 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
21 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
22 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
23 defendants to make the SUPERIOR PALACE SEAFOOD accessible to persons with disabilities.

24    35. On information and belief, defendants have intentionally undertaken to modify and
25 alter existing building(s), and have failed to make them comply with accessibility requirements
26 under the requirements of ADAAG and Title 24.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1 The acts and omission of defendants, and each of them, in failing to provide the required
2 accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied
3 malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with
4 a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated
5 persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to
6 make a more profound example of defendants, and each of them, to other operators and landlords
7 of other restaurants and other public facilities, and to punish defendants and to carry out the
8 purposes of the Civil Code §§ 51, 51.5 and 54.

9        36.    Plaintiff is informed and believes and therefore alleges that defendants T.W. ENG
10 CONSTRUCTION CO., INC.; LIAO ZI LI; and CHEN LI QUN, and each of them, caused the
11 subject building(s) which constitute the SUPERIOR PALACE SEAFOOD to be constructed,
12 altered and maintained in such a manner that persons with physical disabilities were denied full
13 and equal access to, within and throughout said building(s) of the subject restaurant and were
14 denied full and equal use of said public facilities. Furthermore, on information and belief,
15 defendants have continued to maintain and operate said restaurant and/or its building(s) in such
16 conditions up to the present time, despite actual and constructive notice to such defendants that
17 the configuration of the subject restaurant and/or its building(s) is in violation of the civil rights of
18 persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the
19 disability community. Such construction, modification, ownership, operation, maintenance and
20 practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
21 Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1 37. On personal knowledge, information and belief, the basis of defendants' actual and
2 constructive notice that the physical configuration of the facilities including, but not limited to,
3 architectural barriers constituting the SUPERIOR PALACE SEAFOOD and/or building(s) was in
4 violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is
5 not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,
6 owners of other restaurants, hotels, motels and businesses, notices they obtained from
7 governmental agencies upon modification, improvement, or substantial repair of the subject
8 premises and other properties owned by these defendants, newspaper articles and trade
9 publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
10 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
11 other similar information. Defendants' failure, under state and federal law, to make the
12 SUPERIOR PALACE SEAFOOD accessible is further evidence of defendants' conscious
13 disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite
14 being informed of such effect on plaintiff and other persons with physical disabilities due to the
15 lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take
16 any steps to rectify the situation and to provide full and equal access for plaintiff and other
17 persons with physical disabilities to the restaurant. Said defendants, and each of them, have
18 continued such practices, in conscious disregard for the rights of plaintiff and other persons with
19 physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants
20 had further actual knowledge of the architectural barriers referred to herein by virtue of the
21 demand letter addressed to the defendants and served concurrently with the summons and
22 complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other
23 persons with physical disabilities, constitutes despicable conduct in conscious disregard of the
24 rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of
25 treble damages per Civil Code §§52 and 54.3.

26 38. Plaintiff CRAIG YATES and the disability community, consisting of persons with
27 disabilities, would, could and will return to the subject public accommodation when it is made
28 accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

**I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants T.W. ENG CONSTRUCTION CO., INC., a California corporation; LIAO ZI LI and CHEN LI QUN, individual's dba SUPERIOR PALACE SEAFOOD, inclusive)
(42 U.S.C. §12101, *et seq.*)

39.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 38 of this complaint.

40.   Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

41.   Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

///

1       42.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3 Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4 accommodations identified for purposes of this title was:

5               (7)     PUBLIC ACCOMMODATION - The following private
                entities are considered public accommodations for purposes of this
6               title, if the operations of such entities affect commerce -

7                       ---

                        (B) a restaurant, bar or other establishment serving food or drink.
8
                42 U.S.C. §12181(7)(B)
9
        43.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against
10
on the basis of disability in the full and equal enjoyment of the goods, services, facilities,
11
privileges, advantages, or accommodations of any place of public accommodation by any person
12
who owns, leases, or leases to, or operates a place of public accommodation."
13
        44.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),
14
42 U.S.C. §12182(b)(2)(a) are:
15
                        (I)     the imposition or application of eligibility criteria
16              that screen out or tend to screen out an individual with a disability
                or any class of individuals with disabilities from fully and equally
17              enjoying any goods, services, facilities, privileges, advantages, or
                accommodations, unless such criteria can be shown to be necessary
18              for the provision of the goods, services, facilities, privileges,
                advantages, or accommodations being offered;
19
                        (ii)    a failure to make reasonable modifications in
20              policies, practices, or procedures, when such modifications are
                necessary to afford such goods, services, facilities, privileges,
21              advantages or accommodations to individuals with disabilities,
                unless the entity can demonstrate that making such modifications
22              would fundamentally alter the nature of such goods, services,
                facilities, privileges, advantages, or accommodations;
23
                        (iii)   a failure to take such steps as may be necessary to
24              ensure that no individual with a disability is excluded, denied
                services, segregated or otherwise treated differently than other
25              individuals because of the absence of auxiliary aids and services,
                unless the entity can demonstrate that taking such steps would
26              fundamentally alter the nature of the good, service, facility,
                privilege, advantage, or accommodation being offered or would
27              result in an undue burden;

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

> (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
> (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

45.     The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the subject restaurant pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

46.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

///

///

///

1      47.    On information and belief, construction work on, and modifications of, the subject
2 building(s) of SUPERIOR PALACE SEAFOOD occurred after the compliance date for the
3 Americans with Disabilities Act, January 26, 1992, independently triggering access requirements
4 under Title III of the ADA.

5      48.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
6 *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
7 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
8 of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
9 to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
10 making use of the public facilities complained of herein so long as the premises and defendants'
11 policies bar full and equal use by persons with physical disabilities.

12      49.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
13 disability to engage in a futile gesture if such person has actual notice that a person or
14 organization covered by this title does not intend to comply with its provisions." Pursuant to this
15 section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
16 June 27, 2009, but on information and belief, alleges that defendants have continued to violate the
17 law and deny the rights of plaintiff and of other persons with physical disabilities to access this
18 public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
19 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
20 facilities readily accessible to and usable by individuals with disabilities to the extent required by
21 this title."

22      50.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights
23 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
24 the Americans with Disabilities Act of 1990, including but not limited to an order granting
25 injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being
26 deemed to be the prevailing party.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1 **II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
       IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEO.**
2      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants T.W. ENG
       CONSTRUCTION CO., INC., a California corporation; LIAO ZI LI and CHEN LI QUN,
3      individual's dba SUPERIOR PALACE SEAFOOD, inclusive)
       (California Civil Code §§54, 54.1, 54.3, *et seq.)*
4
       51.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the
5
   allegations contained in paragraphs 1 through 50 of this complaint.
6
       52.    At all times relevant to this action, California Civil Code §54 has provided that
7
   persons with physical disabilities are not to be discriminated against because of physical handicap
8
   or disability. This section provides that:
9
                      (a) Individuals with disabilities . . . have the same rights as
10             the general public to full and free use of the streets, highways,
               sidewalks, walkways, public buildings, medical facilities, including
11             hospitals, clinics, and physicians' offices, and other public places.

12     53.    California Civil Code §54.1 provides that persons with disabilities shall not be

13 denied full and equal access to places of public accommodation or facilities:

14                    (a)(1) Individuals with disabilities shall be entitled to full
               and equal access, as other members of the general public, to
15             accommodations, advantages, facilities, medical facilities, including
               hospitals, clinics, and physicians' offices, and privileges of all
16             common carriers, airplanes, motor vehicles, railroad trains,
               motorbuses, streetcars, boats, or any other public conveyances or
17             modes of transportation (whether private, public, franchised,
               licensed, contracted, or otherwise provided), telephone facilities,
18             adoption agencies, private schools, hotels, lodging places, places of
               public accommodation, amusement or resort, and other places to
19             which the general public is invited, subject only to the conditions
               and limitations established by law, or state or federal regulation, and
20             applicable alike to all persons.

21             Civil Code §54.1(a)(1)

22     54.    California Civil Code §54.1 further provides that a violation of the Americans with

23 Disabilities Act of 1990 constitutes a violation of section 54.1:

24                    (d) A violation of the right of an individual under the
               Americans with Disabilities Act of 1990 (Public Law 101-336) also
25             constitutes a violation of this section, and nothing in this section
               shall be construed to limit the access of any person in violation of
26             that act.

27             Civil Code §54.1(d)

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1   55.   Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2   whose rights have been infringed upon and violated by the defendants, and each of them, as

3   prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4   knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5   Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6   defendants' SUPERIOR PALACE SEAFOOD. As a legal result, plaintiff is entitled to seek

7   damages pursuant to a court or jury determination, in accordance with California Civil Code

8   §54.3(a) for each day on which he visited or have been deterred from visiting the subject

9   restaurant because of their knowledge and belief that the restaurant is inaccessible to persons with

10  disabilities. California Civil Code §54.3(a) provides:

11          Any person or persons, firm or corporation, who denies or interferes
            with admittance to or enjoyment of the public facilities as specified
12          in Sections 54 and 54.1 or otherwise interferes with the rights of an
            individual with a disability under Sections 54, 54.1 and 54.2 is
13          liable for each offense for the actual damages and any amount as
            may be determined by a jury, or the court sitting without a jury, up
14          to a maximum of three times the amount of actual damages but in
            no case less than . . .one thousand dollars ($1,000) and . . .
15          attorney's fees as may be determined by the court in addition
            thereto, suffered by any person denied any of the rights provided in
16          Sections 54, 54.1 and 54.2.

17          Civil Code §54.3(a)

18  56.   On or about December 5, 2008, December 10, 2008, January 13, 2009, May 27,

19  2009 and June 27, 2009, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and

20  54.1 in that plaintiff CRAIG YATES was denied access to entrance, men's restroom, women's

21  restroom and other public facilities as stated herein at the SUPERIOR PALACE SEAFOOD and

22  on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

57. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about December 5, 2008, December 10, 2008 and January 13, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing door pressure on the entry door to the restaurant and door to the men's restroom, plaintiff suffered continuous, repetitive and cumulative trauma to his right extremity while attempting to open and close said doors.

58. Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

59. Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about December 5, 2008, December 10, 2008, January 13, 2009, May 27, 2009 and June 27, 2009, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

///

///

1     60.     As a result of defendants', and each of their, acts and omissions in this regard,

2  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

3  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

4  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

5  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

6  reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

7  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

8  compel the defendants to make their facilities accessible to all members of the public with

9  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10  the provisions of §1021.5 of the Code of Civil Procedure.

11  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
          **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
12       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants T.W. ENG
          CONSTRUCTION CO., INC., a California corporation; LIAO ZI LI and CHEN LI QUN,
13       individual's dba SUPERIOR PALACE SEAFOOD, inclusive)
          (Health & Safety Code §19955, *et seq.*)

14       61.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

15  the allegations contained in paragraphs 1 through 60 of this complaint.

16       62.     Health & Safety Code §19955 provides in pertinent part:

17            The purpose of this part is to insure that public accommodations or
18            facilities constructed in this state with private funds adhere to the
              provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
19            of Title 1 of the Government Code. For the purposes of this part
              "public accommodation or facilities" means a building, structure,
20            facility, complex, or improved area which is used by the general
              public and shall include auditoriums, hospitals, theaters, restaurants,
21            hotels, motels, stadiums, and convention centers. When sanitary
              facilities are made available for the public, clients or employees in
22            such accommodations or facilities, they shall be made available for
              the handicapped.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1  63.  Health & Safety Code §19956, which appears in the same chapter as §19955,
2  provides in pertinent part, "accommodations constructed in this state shall conform to the
3  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
4  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
5  public accommodations constructed or altered after that date. On information and belief, portions
6  of the SUPERIOR PALACE SEAFOOD and/or of the building(s) were constructed and/or altered
7  after July 1, 1970, and substantial portions of the subject restaurant and/or the building(s) had
8  alterations, structural repairs, and/or additions made to such public accommodations after July 1,
9  1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part
10  5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or
11  additions per Health & Safety Code §19959.

12  64.  Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
13  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
14  1982, Title 24 of the California Building Standards Code adopted the California State Architect's
15  Regulations and these regulations must be complied with as to any alterations and/or
16  modifications of SUPERIOR PALACE SEAFOOD and/or the building(s) occurring after that
17  date. Construction changes occurring prior to this date but after July 1, 1970 triggered access
18  requirements pursuant to the "ASA" requirements, the American Standards Association
19  Specifications, A117.1-1961. On information and belief, at the time of the construction and
20  modification of said building, all buildings and facilities covered were required to conform to
21  each of the standards and specifications described in the American Standards Association
22  Specifications and/or those contained in Title 24 of the California Building Standards Code.

23  65.  Restaurants such as the SUPERIOR PALACE SEAFOOD are "public
24  accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.
25  ///
26  ///
27  ///
28  ///

1    66.    As a result of the actions and failure to act of defendants, and as a result of the

2  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

3  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

4  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

5  facilities.

6    67.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

7  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

8  civil rights and enforce provisions of the law protecting access for the persons with physical

9  disabilities and prohibiting discrimination against the persons with physical disabilities, and to

10  take such action both in plaintiff's own interests and in order to enforce an important right

11  affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all

12  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

13  §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

14  and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

15  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

16  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

17    68.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

18  them, to make the subject place of public accommodation readily accessible to and usable by

19  persons with disabilities.

20  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

21  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
SEO.* (THE UNRUH CIVIL RIGHTS ACT)**

22  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants T.W. ENG
CONSTRUCTION CO., INC., a California corporation; LIAO ZI LI and CHEN LI QUN,

23  individual's dba SUPERIOR PALACE SEAFOOD, inclusive)
(Civil Code §51, 51.5)

24

        69.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

25
the allegations contained in paragraphs 1 through 68 of this complaint.
26
///
27
///
28
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1    70.    Defendants' actions and omissions and failure to act as a reasonable and prudent

2 public accommodation in identifying, removing and/or creating architectural barriers, policies,

3 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

4 Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh
> Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and
> equal, and no matter what their sex, race, color, religion, ancestry,
> national origin, or **disability** are entitled to the full and equal
> accommodations, advantages, facilities, privileges, or services in all
> business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or
> privilege on a person that is conditioned or limited by law or that is
> applicable alike to persons of every sex, color, race, religion,
> ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any
> construction, alteration, repair, structural or otherwise, or
> modification of any sort whatsoever, beyond that construction,
> alteration, repair, or modification that is otherwise required by other
> provisions of law, to any new or existing establishment, facility,
> building, improvement, or any other structure . . . nor shall anything
> in this section be construed to augment, restrict, or alter in any way
> the authority of the State Architect to require construction,
> alteration, repair, or modifications that the State Architect otherwise
> possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) shall
> also constitute a violation of this section.

19 As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

20 "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

21 failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

22 failing to act to identify and remove barriers can be construed as a "negligent per se" act of

23 defendants, and each of them.

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

71. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

72. Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §39, *et seq.*, as if repled herein.

///

///

///

///

///

///

1          73.     As a legal result of the violation of plaintiff CRAIG YATES's civil rights as
2    hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury on
3    or about December 5, 2008, December 10, 2008 and January 13, 2009, including, but not limited
4    to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down,
5    to, over, around and through architectural barriers. Specifically, as a legal result of defendants
6    negligence in the design, construction and maintenance of the existing door pressure on the entry
7    door to the restaurant and door to the men's restroom, plaintiff suffered continuous, repetitive and
8    cumulative trauma to his right extremity while attempting to open and close said doors.

9          74.     Further, plaintiff CRAIG YATES suffered mental distress, mental
10   suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
11   disappointment and worry, all of which are expectedly and naturally associated with a denial of
12   access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
13   Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
14   basis that plaintiff is a person or an entity that represents persons with physical disabilities and
15   unable, because of the architectural barriers created and maintained by the defendants in violation
16   of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
17   other persons.

18         75.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)
19   of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to
20   mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is
21   allowed by statute, according to proof if deemed to be the prevailing party.

22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1 **PRAYER:**

2 Plaintiff prays that this court award damages and provide relief as follows:

3 **I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
5 T.W. ENG CONSTRUCTION CO., INC., a California corporation; LIAO ZI LI and
CHEN LI QUN, individual's dba SUPERIOR PALACE SEAFOOD, inclusive)
6 (42 U.S.C. §12101, *et seq.*)

7     1.     For injunctive relief, compelling defendants T.W. ENG CONSTRUCTION CO.,

8 INC.; LIAO ZI LI; and CHEN LI QUN, inclusive, to make the SUPERIOR PALACE SEAFOOD,

9 located at 3546 Balboa Street, San Francisco, California, readily accessible to and usable by

10 individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications

11 in policies, practice, eligibility criteria and procedures so as to afford full access to the goods,

12 services, facilities, privileges, advantages and accommodations being offered.

13     2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

14 the prevailing party; and

15     3.     For such other and further relief as the court may deem proper.

16 **II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
17 **AND 54.3, *ET SEO.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against
18 Defendants T.W. ENG CONSTRUCTION CO., INC., a California corporation; LIAO ZI
LI and CHEN LI QUN, individual's dba SUPERIOR PALACE SEAFOOD , inclusive)
19 (California Civil Code §§54, 54.1, 54.3, *et seq.*)

20     1.     For injunctive relief, compelling defendants T.W. ENG CONSTRUCTION CO.,

21 INC.; LIAO ZI LI; and CHEN LI QUN, inclusive, to make the SUPERIOR PALACE SEAFOOD,

22 located at 3546 Balboa Street, San Francisco, California, readily accessible to and usable by

23 individuals with disabilities, per state law.

24     2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

25 each occasion on which plaintiff was deterred from returning to the subject public

26 accommodation.

27 ///

28 ///

1     3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2 if plaintiffs are deemed the prevailing party;

3     4.     Treble damages pursuant to Civil Code §54.3;

4     5.     General damages according to proof;

5     6.     For all costs of suit;

6     7.     Prejudgment interest pursuant to Civil Code §3291; and

7     8.     Such other and further relief as the court may deem just and proper.

8 **III.  PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
9 **§19955, *ET. SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants
10 T.W. ENG CONSTRUCTION CO., INC., a California corporation; LIAO ZI LI and
CHEN LI QUN, individual's dba SUPERIOR PALACE SEAFOOD, inclusive)
11 (Health & Safety code §19955, *et seq.*)

12     1.     For injunctive relief, compelling defendants T.W. ENG CONSTRUCTION CO.,

13 INC.; LIAO ZI LI; and CHEN LI QUN, inclusive, to make the SUPERIOR PALACE SEAFOOD,

14 located at 3546 Balboa Street, San Francisco, California, readily accessible to and usable by

15 individuals with disabilities, per state law.

16     2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

17 alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

18     3.     For all costs of suit;

19     4.     For prejudgment interest pursuant to Civil Code §3291;

20     5.     Such other and further relief as the court may deem just and proper.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

27

**IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against
Defendants T.W. ENG CONSTRUCTION CO., INC., a California corporation; LIAO ZI
LI and CHEN LI QUN, individual's dba SUPERIOR PALACE SEAFOOD, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

6. Prejudgment interest pursuant to Civil Code §3291; and

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    7.    Such other and further relief as the court may deem just and proper.

2

3  Dated: _7/6/09_ , 2009          THOMAS E. FRANKOVICH,
                                   *A PROFESSIONAL LAW CORPORATION*
4

5

6                           By:

7                                  THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiff CRAIG YATES, an individual

8                          **DEMAND FOR JURY TRIAL**

9       Plaintiff hereby demands a jury for all claims for which a jury is permitted.

10

11 Dated: _7/9/09_ , 2009          THOMAS E. FRANKOVICH,
                                   *A PROFESSIONAL LAW CORPORATION*
12

13

14                          By:

15                                 THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiff CRAIG YATES, an individual

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29

# Exhibit A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

January 21, 2009

Manager
Superior Palace Seafood Restaurant
3546 Balboa Street
San Francisco, CA 94121

Dear Manager for Superior Palace:

Recently, I ate at Superior Palace. As I use a wheelchair, I had problems with the restroom. The stall is too small. I think you could widen the stall by moving the urinal over or just removing the urinal. Also, the door leading into the restroom should be widened and the door pressure reduced. These are some of the problems you need to look at.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Superior Palace once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response? I wrote this same letter to the owner of the building and the manager of Superior Palace to make sure the problems are looked into and fixed. I just thought you should know. I also think the landlord is most responsible.

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

January 21, 2009

Owner of Building
Superior Palace Seafood Restaurant
3546 Balboa Street
San Francisco, CA 94121

Dear Owner of Building for Superior Palace:

Recently, I ate at Superior Palace. As I use a wheelchair, I had problems with the restroom. The stall is too small. I think you could widen the stall by moving the urinal over or just removing the urinal. Also, the door leading into the restroom should be widened and the door pressure reduced. These are some of the problems you need to look at.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Superior Palace once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response? I wrote this same letter to the owner of the building and the manager of Superior Palace to make sure the problems are looked into and fixed. I just thought you should know. I also think the landlord is most responsible.

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

January 24, 2009

Superior Palace

Dear Mr. Yates,

Thank you for your letter of January 21, 2009. While this letter was addressed to the owner of the building and not me, I am responding since I value our customer base. I am glad that you enjoy our restaurant. As a small local Chinese Restaurant, it is unusual for us to have a customer expressing such interest from across the bay. I especially appreciate your statement that you may come back to Superior Palace before we even do any remodel work since it is comforting for me to know that any inconvenience you may have experienced here was not problematic enough to keep you from coming back to us before any changes are made.

Who told you about the $10,000.00 tax credit? While I can't say I agree, in this economy, that a reduction in taxes to that extent is a "great deal" given the price of remodel, of course I'm interested in learning about any way to make any potential changes more affordable. I would appreciate if you could put me in touch with the person who told you about this credit to see what it entails.

Our landlord and we are addressing the concerns you have about the restroom and we will make appropriate changes. I hope you do return before the changes are made, but, if not, certainly after the changes so you will experience an easier time in our restroom. If you have any further questions or concerns regarding this matter, please do not hesitate to contact us.

Sincerely,

LI CHEN
MANAGER/OWNER OF SUPERIOR PALACE



海中玉海鮮館
SUPERIOR PALACE
SEAFOOD RESTAURANT

OPEN 7 DAYS A WEEK

3546 Balboa Street
(corner of 37th Avenue)
San Francisco, CA 94121

Tel: (415) 387-1386
Fax:(415) 387-1289

Tommy Eng
3542 Balboa Street
San Francisco, CA 94121

January 29, 2009

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

Re:    Superior Palace Restaurant
       3546 Balboa Street
       San Francisco, CA 94121

Dear Mr. Yates:

Thank you for bringing this restroom accessibility issue in the restaurant to our attention. We appreciate your suggestions and are currently researching our options. It is our intention to make the necessary changes to make the restrooms accessible with our existing conditions.

We have already started the process of making adjustments and assure you that we will take the appropriate measures in an expedited manner to make the restrooms more accessible.

The restaurant looks forward to serving you again in the near future. Thank you again.

Sincerely,

Tommy Eng
Landlord

cc: Superior Palace Restaurant

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

February 3, 2009

Li Chen
Manager / Owner
Superior Palace Seafood Restaurant
3546 Balboa Street
San Francisco, CA 94121

Dear Mr. Chen:

Thank you for your letter of January 24, 2009. I thought I would comment on your letter. While I do live across the bay, I've got quite a lot of Chinese cultural awareness and a taste for culinary varieties of Chinese food. I lived in San Francisco close to many Chinese areas. I shop at Chinese markets, and I have more Chinese food than any other ethnic food. If my last name was Yow instead of Yates, you probably wouldn't have mentioned where I live. Maybe after I married a wonderful Chinese woman and had children with her I should have changed my name to Craig (Yow) Yates. You get my point. While you think this is "unusual," it's really not.

By the way, I wrote two letters to the same address one to the manager of Superior Palace and one to the owner of the building of Superior Palace. Be sure your landlord gets a copy of that letter. I've enclosed another copy of it.

As to the tax credit, I'm also enclosing a IRS form 8826, a tax incentive packet, fact sheet for Americans with Disabilities Act (ADA) regulations and information sources. If you don't have enough copies, please make extras. Give it to your accountant and the extra copies to your landlord.

You know, I think the landlord should do the work. After all, the landlord has probably had you paying rent for a long time and by now could have fixed the restaurant up.

Anyway, I know you'll get together with the landlord paying attention to my first letter to you. Also I don't think you need to do a remodel, just get the information you need to make changes in the restrooms to make at least one accessible. You may have to move doors, move partitions and things like that, rearrange grab bars and so on. I certainly don't suggest a major remodel.

When you get this letter, please write me back and tell me what you and the landlord decided.

Thank You,

Craig Yates

cc: Tommy Eng

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

January 21, 2009

Manager
Superior Palace Seafood Restaurant
3546 Balboa Street
San Francisco, CA 94121

Dear Manager for Superior Palace:

Recently, I ate at Superior Palace. As I use a wheelchair, I had problems with the restroom. The stall is too small. I think you could widen the stall by moving the urinal over or just removing the urinal. Also, the door leading into the restroom should be widened and the door pressure reduced. These are some of the problems you need to look at.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Superior Palace once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response? I wrote this same letter to the owner of the building and the manager of Superior Palace to make sure the problems are looked into and fixed. I just thought you should know. I also think the landlord is most responsible.

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

January 21, 2009

Owner of Building
Superior Palace Seafood Restaurant
3546 Balboa Street
San Francisco, CA 94121

Dear Owner of Building for Superior Palace:

Recently, I ate at Superior Palace. As I use a wheelchair, I had problems with the restroom. The stall is too small. I think you could widen the stall by moving the urinal over or just removing the urinal. Also, the door leading into the restroom should be widened and the door pressure reduced. These are some of the problems you need to look at.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Superior Palace once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response? I wrote this same letter to the owner of the building and the manager of Superior Palace to make sure the problems are looked into and fixed. I just thought you should know. I also think the landlord is most responsible.

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

| Form **8826** | **Disabled Access Credit** | OMB No. 1545-1205 |
|---|---|---|
| (Rev. December 2006)<br>Department of the Treasury<br>Internal Revenue Service | ▶ **Attach to your tax return.** | Attachment<br>Sequence No. **86** |

| Name(s) shown on return | | | Identifying number | |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 1 | Total eligible access expenditures (see instructions) . . . . . . . . . . . . . . . . | **1** | | |
| 2 | Minimum amount . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **2** | $     250 | 00 |
| 3 | Subtract line 2 from line 1. If zero or less, enter -0- . . . . . . . . . . . . . . . | **3** | | |
| 4 | Maximum amount . . . . . . . . . . . . . . . . . . . . . . . . . . . | **4** | $10,000 | 00 |
| 5 | Enter the **smaller** of line 3 or line 4 . . . . . . . . . . . . . . . . . . . . | **5** | | |
| 6 | Multiply line 5 by 50% (.50) . . . . . . . . . . . . . . . . . . . . . . . | **6** | | |
| 7 | Disabled access credit from partnerships and S corporations . . . . . . . . . . . . | **7** | | |
| 8 | Add lines 6 and 7, but do not enter more than $5,000. Partnerships and S corporations, report this amount on Schedule K; all others, report this amount on the applicable line of Form 3800 (e.g., line 1g of the 2006 Form 3800) . . . . . . . . . . . . . . . . . . . . . . | **8** | | |

## General Instructions

Section references are to the Internal Revenue Code.

### What's New

● The tax liability limit is no longer figured on this form; instead, it must be figured on Form 3800, General Business Credit.

● Taxpayers that are not partnerships or S corporations, and whose only source of this credit is from those pass-through entities, are not required to complete or file this form. Instead, they can report this credit directly on line 1g of Form 3800.

● The IRS will revise this December 2006 version of the form only when necessary. Continue to use this version for tax years beginning after 2005 until a new revision is issued.

### Purpose of Form

Eligible small businesses use Form 8826 to claim the disabled access credit. This credit is part of the general business credit.

### Definitions

**Eligible Small Business**

For purposes of the credit, an eligible small business is any business or person that:

● Had gross receipts for the preceding tax year that did not exceed $1 million **or** had no more than 30 full-time employees during the preceding tax year and

● Elects (by filing Form 8826) to claim the disabled access credit for the tax year.

For purposes of the definition:

● Gross receipts are reduced by returns and allowances made during the tax year,

● An employee is considered full time if employed at least 30 hours per week for 20 or more calendar weeks in the tax year, and

● All members of the same controlled group and all persons under common control generally are considered to be one person—see section 44(d)(2).

**Eligible Access Expenditures**

For purposes of the credit, these expenditures are amounts paid or incurred by the eligible small business **to comply with applicable requirements** under the Americans With Disabilities Act of 1990 (Public Law 101-336) as in effect on November 5, 1990.

Eligible access expenditures include amounts paid or incurred:

**1.** To remove barriers that prevent a business from being accessible to or usable by individuals with disabilities;

**2.** To provide qualified interpreters or other methods of making audio materials available to hearing-impaired individuals;

**3.** To provide qualified readers, taped texts, and other methods of making visual materials available to individuals with visual impairments; or

**4.** To acquire or modify equipment or devices for individuals with disabilities.

The expenditures must be reasonable and necessary to accomplish the above purposes.

Eligible expenditures do not include expenditures in 1 above that are paid or incurred in connection with any facility first placed in service after November 5, 1990.

Eligible access expenditures must meet those standards issued by the Secretary of the Treasury as agreed to by the Architectural and Transportation Barriers Compliance Board and set forth in regulations. See section 44(c) for other details.

**Disability.** For an individual, this means:

● A physical or mental impairment that substantially limits one or more major life activities,

● A record of such an impairment, or

● Being regarded as having such an impairment.

### Member of Controlled Group or Business Under Common Control

For purposes of figuring the credit, all members of a controlled group of corporations (as defined in section 52(a)) and all members of a group of businesses under common control (as defined in section 52(b)), are treated as a single taxpayer. As a member, compute your credit based on your proportionate share of eligible access expenditures giving rise to the group's disabled access credit. Enter your share of the credit on line 6. Attach a statement showing how your share of the credit was figured, and write "See attached" next to the entry space for line 6.

## Specific Instructions

### Line 1

Enter total eligible access expenditures paid or incurred during the tax year. See *Eligible Access Expenditures* on page 1.

### Line 6

**Denial of double benefit.** To the extent of the credit shown on line 6, the eligible access expenditures may not be claimed as a deduction in figuring taxable income, capitalized, or used in figuring any other credit.

**Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. You are required to give us the information. We need it to ensure that you are complying with these laws and to allow us to figure and collect the right amount of tax.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated burden for individual taxpayers filing this form is approved under OMB control number 1545-0074 and is included in the estimates shown in the instructions for their individual income tax return. The estimated burden for all other taxpayers who file this form is shown below.

**Recordkeeping** . . 1 hr., 54 min.

**Learning about the law or the form** . . . . .24 min.

**Preparing and sending the form to the IRS** . . .26 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. See the instructions for the tax return with which this form is filed.

# Tax Incentives Packet

# on the Americans with Disabilities Act



**Office of the Attorney General**
**Washington, B. C. 20530**

Dear Sir or Madam:

Under President Bush's New Freedom Initiative, this Administration is committed to full and fair enforcement of the Americans with Disabilities Act (ADA), which provides people with disabilities an equal opportunity to work and to participate in the mainstream of American life. As part of the President's initiative, the Department of Justice is providing information to small businesses about the ADA and tax benefits to help them comply with the law. I am pleased to send you this ADA Tax Incentives Packet.

This packet contains information about the disabled access credit that is available for small businesses and the tax deduction that is available for businesses of any size to help offset some of the costs of improving accessibility for customers or employees with disabilities. It also includes the Internal Revenue Service (IRS) form and instructions for claiming the disabled access credit, a list of ADA publications available free from the Department of Justice, and a list of telephone numbers and Internet sites to which you can turn for

answers to your ADA questions.

If you have questions about the ADA or want to order ADA publications, please call the ADA Information Line at 800-514-0301 (voice) or 800-514-0383 (TTY). Specialists are available to answer questions from 10:00am until 6:00pm Eastern time and automated service is available 24 hours a day to order publications. The ADA Home Page also provides information and publications at any time, day or night. Please visit us at www.usdoj.gov/crt/ada.

I hope you find this packet useful, and I encourage you to let others know about it.

Sincerely,

John Ashcroft
Attorney General

● **Fact Sheet 4 Tax Incentives for Improving Accessibility** (text version)

● **Fact Sheet 4 Tax Incentives for Improving Accessibility** (Acrobat PDF version)

● **IRS Form 8826 (tax credit)** (Acrobat PDF version)

● **ADA Information from the Department of Justice (HTML)**

● **ADA and Tax Information Services from Federal Agencies** (including link to IRS website)

# FACT SHEET 4

# Tax Incentives for Improving Accessibility

**The Americans with Disabilities Act Fact Sheet Series**

September 4, 1998



*Fact Sheets in this series:*

Fact Sheet 1. Who Has Obligations Under Title III?

Fact Sheet 2. Providing Effective Communication

Fact Sheet 3. Communicating with People with Disabilities

**Fact Sheet 4. Tax Incentives for Improving Accessibility**

Fact Sheet 5. Alternatives to Barrier Removal

Fact Sheet 6. Resources for More Information

To obtain additional copies of any fact sheet in this series, contact your Disability and Business Technical Assistance Center. To be automatically connected to your regional center, call 1-800-949-4ADA. This fact sheet may be copied as many times as desired by the Disability and Business Technical Assistance Centers for distribution to small businesses but may not be reproduced in whole or in part and sold by any other entity without written permission from the authors.

© 1992 Adaptive Environments Center, Inc.

Developed under a grant from the National Institute on Disability and Rehabilitation Research (grant #H133D10122).

Adaptive Environments Center, Inc. and Barrier Free Environments, Inc. are authorized by the National Institute on Disability and Rehabilitation Research (NIDRR) to develop information and materials on the Americans with Disabilities Act (ADA). However, you should be aware that NIDRR is not responsible for enforcement of the ADA. The information presented here is intended solely as informal guidance, and is neither a determination of your legal rights or responsibilities under the ADA, nor binding on any agency with enforcement responsibility under the ADA.

(new page)

Fact Sheet 4

# Tax Incentives for Improving Accessibility

Two tax incentives are available to businesses to help cover the cost of making access improvements. The first is a tax credit that can be used for architectural adaptations, equipment acquisitions, and services such as sign language interpreters. The second is a tax deduction that can be used for architectural or transportation adaptations.

(NOTE: A tax credit is subtracted from your tax liability after you calculate your taxes, while a tax deduction is subtracted from your total income before taxes, to establish your taxable income.)

## Tax Credit

The tax credit, established under Section 44 of the Internal Revenue Code, was created in 1990 specifically to help small businesses cover ADA-related eligible access expenditures. A business that for the previous tax year had either revenues of $1,000,000 or less or 30 or fewer full-time workers may take advantage of this credit. The credit can be used to cover a variety of expenditures, including:

- provision of readers for customers or employees with visual disabilities
- provision of sign language interpreters
- purchase of adaptive equipment
- production of accessible formats of printed materials (i.e., Braille, large print, audio tape, computer diskette)
- removal of architectural barriers in facilities or vehicles (alterations must comply with applicable accessibility standards)
- fees for consulting services (under certain circumstances)

Note that the credit cannot be used for the costs of new construction. It can be used only for adaptations to existing facilities that are required to comply with the ADA.

The amount of the tax credit is equal to 50% of the eligible access expenditures in a year, up to a maximum expenditure of $10,250. There is no credit for the first $250 of expenditures. The maximum tax credit, therefore, is $5,000.

## Tax Deduction

The tax deduction, established under Section 190 of the Internal Revenue Code, is now a maximum of $15,000 per year a reduction from the $35,000 that was available through December 31, 1990. A business (including active ownership of an apartment building) of any size may use this deduction for the removal of architectural or transportation barriers. The renovations under Section 190 must comply with applicable accessibility standards.

Small businesses can use these incentives in combination if the expenditures incurred qualify under both Section 44 and Section 190. For example, a small business that spends $20,000 for access adaptations may take a tax credit of $5000 (based on $10,250 of expenditures), and a deduction of $15,000. The deduction is equal to the difference between the total expenditures and the amount of the credit claimed.

**Example:** A small business' use of both tax credit and tax deduction

> $20,000 cost of access improvements (rest room, ramp, 3 doors widened)

> - $5,000 maximum credit

> $15,000 remaining for deduction

(footer) Produced by Adaptive Environments Center under contract to Barrier Free Environments, NIDRR grant #H133D10122

(header)

Fact Sheet 4

## Tax Incentives for Improving Accessibility

## Annual Incentives

The tax credit and deduction can be used annually. You may not carry over expenses from one year to the next and claim a credit or deduction for the portion that exceeded the

expenditure limit the previous year. However, if the amount of credit you are entitled to exceeds the amount of taxes you owe, you may carry forward the unused portion of the credit to the following year.

For further details and information, review these incentives with an accountant or contact your local IRS office or the national address below.

## For More Information...

Request IRS Publications 535 and 334 for further information on tax incentives, or Form 8826 to claim your tax credit.

IRS Publications and Forms

(800) 829-3676 Voice

(800) 829-4059 TDD


IRS Questions

(800) 829-1040 Voice

(800) 829-4059 TDD


Legal Questions

Internal Revenue Service

Office of the Chief Counsel

attn: Jolene Shiraishi

CC:PSI: 7

1111 Constitution Avenue, NW, Room 5115

Washington, D.C. 20224

(202) 622-3120 Voice/Relay

www.irs.gov


(footer) Produced by Adaptive Environments Center under contract to Barrier

Free Environments, NIDRR grant #H133D10122

# ADA Regulations
# and
# Technical Assistance Materials

## ADA MATERIALS AVAILABLE FREE FROM THE DEPARTMENT OF JUSTICE

The U.S. Department of Justice provides free ADA materials. Printed materials may be ordered by calling the ADA Information Line (1-800-514-0301 (Voice) or 1-800-514-0383 (TDD)). Automated service is available 24-hours a day for recorded information and to order publications.

Publications are available in standard print as well as large print, audiotape, Braille, and computer disk for people with disabilities.

Many of these materials are available from an automated fax system that is available 24-hours a day. To order a publication by fax, call the ADA Information Line and follow the directions for placing a fax order. When prompted to enter the document number, enter the specific number from the following publication list.

## ADA LEGAL DOCUMENTS

**Text of the Americans with Disabilities Act.** The ADA prohibits discrimination and ensures equal opportunity for persons with disabilities in employment, State and local government services, public accommodations, commercial facilities, and transportation. It also mandates the establishment of TDD/telephone relay services

**ADA Regulation for Title II**, as printed in the Federal Register (7/26/91). The Department of Justice's regulation implementing title II,

subtitle A, of the ADA which prohibits discrimination on the basis of disability in all services, programs, and activities provided to the public by State and local governments, except public transportation services.

**ADA Regulation for Title III**, as printed in the Code of Federal Regulations (7/1/94). The Department of Justice's regulation implementing title III of the ADA, which prohibits discrimination on the basis of disability in "places of public accommodation" (businesses and non-profit agencies that serve the public) and "commercial facilities" (other businesses). The regulation includes Appendix A to Part 36 - Standards for Accessible Design establishing minimum standards for ensuring accessibility when designing and constructing a new facility or altering an existing facility.

**Title II & III Regulation Amendment Regarding Detectable Warnings**, as printed in the Federal Register (11/23/98). This amendment suspends the requirements for detectable warnings at curb ramps, hazardous vehicle areas, and reflecting pools until July 26, 2001. ☎**FAX # 3001**

## GENERAL ADA PUBLICATIONS AND INFORMATION

**ADA Questions and Answers.** (Spanish, Chinese, Korean, Tagalog and Vietnamese editions available from the ADA Information Line.) A 32-page booklet giving an overview of the ADA's requirements for ensuring equal opportunity for persons with disabilities in employment, State and local government services, public accommodations, commercial facilities, and transportation, and requiring the establishment of TDD/telephone relay services. ☎**FAX # 3106**

**ADA Information Services**. A 2-page list with the telephone numbers and Internet addresses of Federal agencies and other organizations that provide information and technical assistance to the public about the ADA. ☎**FAX # 3101**

**Enforcing the ADA**: *A Status Report from the Department of Justice*. A brief report issued by the Justice Department each quarter providing timely information about ADA cases and settlements, building codes that meet ADA accessibility standards, and ADA technical assistance activities. ☎**FAX # 3102** (for the most current issue)

**Enforcing the ADA: Looking Back on a Decade of Progress**. A 41-page special edition of the Department of Justice's quarterly status reports highlighting accomplishments and activities from 1990 through

2000.

> Enforcing the ADA: Looking Back on a Decade of Progress
> (HTML format) ● Acrobat PDF format

**A Guide to Disability Rights Laws.** A 21-page booklet that provides a brief over view of eleven Federal laws that protect the rights of people with disabilities and provides information about the federal agencies to contact for more information. (Spanish, Cambodian, Chinese, Hmong, Japanese, Korean, Laotian, Tagalog, Vietnamese editions available from the ADA Information Line.) ◙**FAX # 3103**

> A Guide to Disability Rights Laws (HTML format) ● Acrobat
> PDF format

**A Guide for People with Disabilities Seeking Employment.** A 2-page pamphlet for people with disabilities providing a general explanation of the employment provisions of the ADA and how to file a complaint with the Equal Employment Opportunity Commission. (Spanish edition available from the ADA Information Line.) ◙**FAX # 3108**

> A Guide for People with Disabilities Seeking Employment
> (HTML format) ● Acrobat PDF format

**Learn About the ADA in Your Local Library**. An 10-page annotated list of 95 ADA publications and one videotape that are available to the public in 15,000 public libraries throughout the country. ◙**FAX # 3104**

**ADA Mediation Program**. A 6-page publication that provides an overview of the Department's Mediation Program and examples of successfully mediated cases. ◙**FAX # 3107**

---

## BUSINESSES AND NON-PROFIT SERVICE PROVIDERS --
TECHNICAL ASSISTANCE MANUALS AND PUBLICATIONS

**Title III Technical Assistance Manual** (1993) and **Yearly Supplements**. An 83-page manual that explains in lay terms what businesses and non-profit agencies must do to ensure access to their goods, services, and facilities. Many examples are provided for practical guidance. (Spanish edition available from the ADA Information Line.)

**Title III Highlights.** A 12-page outline of the key requirements of the ADA for businesses and non-profit agencies. This publication provides detailed information in bullet format for quick reference. ◙**FAX # 3200**

(Spanish edition available from the ADA Information Line.)

**Accessible Stadiums**. A 4-page publication highlighting features that must be accessible in new stadiums and providing guidance on line of sight for wheelchair seating locations. ☛FAX # 3201

Accessible Stadiums (TEXT) ● Acrobat PDF format

**ADA Guide for Small Businesses**. This 15-page illustrated guide presents an overview of some basic ADA requirements for small businesses that provide goods and services to the public. It provides guidance on how to make their services accessible and how tax credits and deductions may be used to offset specific costs. ☛FAX # 3202 (Spanish edition available from the ADA Information Line.)

ADA Guide for Small Businesses (HTML) ● Acrobat PDF format

**ADA-TA: A Technical Assistance Update from the Department of Justice**. A serial publication that addresses two topics in each issue: "Common Questions" answers questions about ADA requirements; "Design / Details" provides information and illustrations of particular design requirements.

*Volume 1:* **Readily Achievable Barrier Removal and Van-Accessible Parking Spaces** ☛FAX # 3250

Readily Achievable Barrier Removal and Van-Accessible Parking (HTML) ● Acrobat PDF format

**ADA Tax Incentive Packet for Businesses** A packet of information to help businesses understand and take advantage of the tax credit and deduction available for complying with the ADA. ☛FAX # 3203

**Common ADA Errors and Omissions in New Construction and Alterations.** This 13-page document lists a sampling of common accessibility errors or omissions that have been identified through the Department of Justice's ongoing enforcement efforts. The significance of the errors is discussed and references are provided to the requirements of the ADA Standards for Accessible Design. ☛FAX # 3207

Common ADA Errors and Omissions in New Construction and Alterations (HTML) ● Acrobat PDF format

**ADA Design Guide 1 - Restriping Parking Lots**. A 2-page illustrated design guide explaining the number of accessible parking spaces that are required and the restriping requirements for accessible parking spaces for cars and van-accessible parking spaces. **FAX # 3208**

Restriping Parking Lots (HTML) ● Acrobat PDF format

**How to File a Title III Complaint**. This publication details the procedure for filing a complaint under title III of the ADA, which prohibits discrimination based on disability by businesses and non-profit agencies. **FAX # 3206**

**Commonly Asked Questions About Child Care Centers and the Americans with Disabilities Act** A 13-page publication explaining how the requirements of the ADA apply to Child Care Centers. The document also describes some of the Department of Justice's ongoing enforcement efforts in the child care area and it provides a resource list on sources of information on the ADA. **FAX # 3209**

**Assistance at Self-Serve Gas Stations**. A 1-page document providing guidance on the ADA and refueling assistance at self-serve gas stations. **FAX # 3210**

Assistance at Self-Serve Gas Stations (HTML) ● Acrobat PDF format

**Common ADA Problems at Newly Constructed Lodging Facilities.** An 11-page document lists a sampling of common accessibility problems at newly constructed lodging facilities that have been identified through the Department of Justice's ongoing enforcement efforts. **FAX # 3211**

Common ADA Problems at Newly Constructed Lodging Facilities (HTML) ● Acrobat PDF format

**Five Steps To Make New Lodging Facilities Comply With The ADA.** A 3-page document highlighting five steps that owners, operators, and franchisors can take to make sure that new lodging facilities comply with the ADA. **FAX # 3212**

Five Steps To Make New Lodging Facilities Comply With The ADA (HTML) ● Acrobat PDF format

**Americans with Disabilities Act Checklist for New Lodging Facilities.** This 34-page checklist is a self-help survey that owners, franchisors, and managers of lodging facilities can use to identify ADA mistakes at their facilities.

**Americans with Disabilities Act Guide for Places of Lodging: Serving Guests Who Are Blind or Who Have Low Vision**. A 12-page publication explaining what hotels, motels, and other places of transient lodging can do to accommodate guests who ae blind or have low vision. **☞FAX # 3214**

> Americans with Disabilities Act Guide for Places of Lodging: Serving Guests Who Are Blind or Who Have Low Vision (HTML) ● Acrobat PDF format

**Guide for Passengers: Accessible Bus Service Under the Greyhound Agreement**. A 3-page document explaining how passengers can get accessible bus service from Greyhound under the Department of Justice settlement agreement until October 1, 2001 when Department of Transportation regulations will require accessible, lift-equipped service on demand with 48 hours' notice. **☞FAX # 3400**

> Guide for Passengers: Accessible Bus Service Under the Greyhound Agreement (HTML) ● Acrobat PDF format

---

## STATE AND LOCAL GOVERNMENTS --
TECHNICAL ASSISTANCE MANUALS AND PUBLICATIONS

**Title II Technical Assistance Manual** (1993) and **Yearly Supplements**. A 30-page manual that explains in lay terms what State and local governments must do to ensure that their services, programs, and activities are provided to the public in a nondiscriminatory manner. Many examples are provided for practical guidance. (Spanish edition available from the ADA Information Line.)

**Title II Highlights**. An 8-page outline of the key requirements of the ADA for State and local governments. This publication provides detailed information in bullet format for quick reference. **☞FAX # 3300** (Spanish edition available from the ADA Information Line.)

**ADA Guide for Small Towns.** A 21-page guide that presents an informal overview of some basic ADA requirements and provides cost-effective tips on how small towns can comply with the ADA. **☞FAX # 3307**

> ADA Guide for Small Towns (HTML) ● Acrobat PDF format

**The ADA and City Governments: Common Problems.** A 9-page document that contains a sampling of common problems shared by city

governments of all sizes, provides examples of common deficiencies and explains how these problems affect persons with disabilities. **FAX # 3308**

> The ADA and City Government: Common Problems (HTML)
> ● Acrobat PDF format

**Accessible Stadiums**. A 4-page publication highlighting features that must be accessible in new stadiums and providing guidance on line of sight for wheelchair seating locations. **FAX # 3201**

> Accessible Stadiums (HTML) ● Acrobat PDF format

**ADA-TA: A Technical Assistance Update from the Department of Justice**. A serial publication that addresses two topics in each issue: "Common Questions" answers questions about ADA requirements; "Design Details" provides information and illustrations of particular design requirements.

> *Volume 1:* **Readily Achievable Barrier Removal and Van-Accessible Parking Spaces** **FAX # 3250**

> Readily Achievable Barrier Removal and Van-Accessible Parking (HTML) ● Acrobat PDF format

**Commonly Asked Questions About the ADA and Law Enforcement**. A 13-page publication providing information for law enforcement agencies in a simple question and answer format. **FAX # 3301**

**Questions and Answers: The ADA and Hiring Police Officers**. A 5-page publication providing information on ADA requirements for interviewing and hiring police officers. **FAX # 3302**

**Commonly Asked Questions About Title II of the ADA**. A 6-page fact sheet explaining the requirements of the ADA for State and local governments. **FAX # 3303** (Spanish edition available from the ADA Information Line.)

**Access for 9-1-1 and Telephone Emergency Services Under the American with Disabilities Act**. A 10-page publication explaining the requirements for direct, equal access to 9-1-1 for persons who use teletypewriters (TTYs). **FAX # 3304**

> Access for 9-1-1 and Telephone Emergency Services (HTML) ● Acrobat PDF format

**Questions and Answers: the ADA and Persons with HIV/AIDS**. A 16-page publication explaining the requirements of the ADA for employers, businesses and non-profit agencies that serve the public, and State and local governments to avoid discriminating against persons with HIV/AIDS. ☛**FAX # 3206** (Spanish edition available from the ADA Information Line.)

**Common ADA Errors and Omissions in New Construction and Alterations.** This 13-page document lists a sampling of common accessibility errors or omissions that have been identified through the Department of Justice's ongoing enforcement efforts. The significance of the errors is discussed and references are provided to the requirements of the ADA Standards for Accessible Design. ☛**FAX # 3207**

> Common ADA Errors and Omissions in New Construction and Alterations (HTML) ● Acrobat PDF format

**ADA Design Guide 1 - Restriping Parking Lots**. A 2-page illustrated design guide explaining the number of accessible parking spaces that are required and the restriping requirements for accessible parking spaces for cars and van-accessible parking spaces. ☛**FAX # 3208**

> Restriping Parking Lots (HTML) ● Acrobat PDF format

Commonly Asked Questions About Child Care Centers and the Americans with Disabilities Act A 13-page publication explaining how the requirements of the ADA apply to Child Care Centers. The document also describes some of the Department of Justice's ongoing enforcement efforts in the child care area and it provides a resource list on sources of information on the ADA. ☛**FAX # 3209**

**Title II Complaint Form**. Standard form for filing a complaint under title II of the ADA or section 504 of the Rehabilitation Act of 1973, which prohibit discrimination on the basis of disability by State and local governments and by recipients of federal financial assistance. ☛**FAX # 3306**

**U.S. Department of Justice**
Civil Rights Division
*Disability Rights Section*



---

# AMERICANS WITH DISABILITIES ACT AND TAX INFORMATION SERVICES

For information on the ADA and how it applies to your business or facility, or to obtain copies of ADA regulations, Standards for Accessible Design, the Guide for Small Businesses, or other publications, contact the U.S. Department of Justice

**ADA Information Line** for publications, questions, and referrals

800-514-0301 (voice)
800-514-0383 (TTY)

**Internet address** (ADA Home Page)

www.ada.gov

For information on ADA provisions applying to employers and employees, contact the Equal Employment Opportunity Commission

**Employment - questions**

800-669-4000 (voice)
800-669-6820 (TTY)

**Employment - publications**

800-669-3362 (voice)
800-800-3302 (TTY)

**Internet address**

www.eeoc.gov

For information about tax code provisions that can assist businesses in complying with the ADA, contact Internal Revenue Service

**Tax code - information**

800-829-1040 (voice)
800-829-4059 (TTY)

**Legal questions about ADA tax incenties**

202-622-3120 (voice)
TTY: use relay service

**Internet address**

www.irs.gov

For information on how to accommodate an employee with a disability, contact the Job Accommodation Network (JAN) funded by the U.S. Department of Labor

**Job Accommodation Network**

800-526-7234 (voice/TTY)

**Internet address**

www.jan.wvu.edu

For information on the ADA Accessibility Guidelines, contact the U.S. Access Board

**ADA Accessibility Guidelines**

800-526-7234 (voice and TTY)

**Internet address**

www.access-board.gov

For information on making transportation accessible, contact Project ACTION funded by the Department of Transportation

**Project ACTION**

800-659-6428 (voice)
TTY: use relay service

**Internet address**

www.projectaction.org

For information on complying with the ADA and to obtain assistance in your area of the country, contact the regional Disability and Business Technical Assistance Centers funded by the Department of Education

**Disability & Business Technical Assistance Centers**

800-949-4232 (voice and TTY)

**Internet address**

www.adata.org

---

## Return to Top

## Return to ADA Home Page

## Return to ADA Business Connection

last update August 7, 2007